The White Sewing Machine Company v. Richter.

mits—the order of court setting aside the forfeiture was a nullity. The order was procured by the fraud of the appellee and the collusion of the appellee and the prosecuting attorney, to cheat the State. A judgment or order thus obtained is void and may be attacked collaterally. *Cavanaugh* v. *Smith*, 84 Ind. 380; *Shoemaker* v. *Board, etc.*, 36 Ind. 175; Freeman Judg., section 336.

We think the court erred in sustaining the demurrer to the reply.

We have carefully examined the several paragraphs of the complaint, and think that each of them states a valid cause of action.

For the error of the court in sustaining the demurrer to the reply the judgment is reversed, at the costs of the appellee, with instructions to the lower court to overrule the demurrer to the reply, and for further proceedings not inconsistent with this opinion.

Filed Sept. 18, 1891.

---

No. 341.

## THE WHITE SEWING MACHINE COMPANY v. RICHTER.

NEGLIGENCE.—*Proximate Cause.*—A sewing machine company, by its employee, undertook to remove a sewing machine, which it had purchased, from the house of the woman who had formerly owned it. The machine weighed about two hundred pounds, and when the employee came the woman, the former owner, told him that he could not remove it alone without taking off the top, embracing the machinery and gearing, and she removed the belt so the top could be taken off. The employee insisted that he could carry the machine without taking it apart if he could get it upon his shoulder. She protested, and sought to convince him that he could not, and told him that it had required two men to carry it whenever it was moved before, and called his attention to the fact that the belt was off and the top loose, and if he undertook to shoulder the machine without replacing the belt the top was likely to fall off and break. Without heeding her protestations, he

asked a man who was then moving her household goods to assist him in shouldering the machine, which he undertook to do, but when the machine was being raised it was not kept level, and the top fell off, striking against the wall and rebounding to the floor, and broke in pieces. She was standing near when the top fell, and a piece of iron struck her as it broke and destroyed one of her eyes. The employee knew that the belt was off when he undertook to lift the machine, and that there was nothing to hold the top in its place, and that it was liable to fall and break. In an action against the sewing machine company for the injury,

*Held,* that the employee's careless act in undertaking to remove the machine in the manner and under the circumstances that he did was the proximate cause of the injury, and that the fact that the top of the machine first struck the wall and then fell to the floor did not relieve the defendant from liability.

SAME.—Nor can the defendant escape liability on the ground that the injury was of such an extraordinary character that it could not have been foreseen, since the employee knew of the condition of the machine and the liability of the top to fall and break.

SAME.—The act of the plaintiff in removing the belt from the machine, since it was done with defendant's knowledge, will not exonerate the defendant from liability.

SAME.—Nor will the fact that the man who was moving plaintiff's household goods helped defendant's employee to lift the machine upon his shoulder affect the right of recovery, since he was not acting for the plaintiff while so engaged, but for the employee.

From the Marion Superior Court.

*J. W. Harper,* for appellant.

*F. J. Van Vorhis* and *W. W. Spencer,* for appellee.

CRUMPACKER, J.—This action was brought by Susan Richter against the White Sewing Machine Company and others to recover damages inflicted upon her by the alleged carelessness of the defendants in attempting to move a sewing machine from her house.

She had a verdict and judgment against the company in the court below, and this appeal raises the question of the sufficiency of the evidence to sustain the verdict.

There was evidence fairly tending to establish the following facts: Mrs. Richter was the owner of a large iron-framed sewing machine, manufactured for tailor's use, which she sold

to one Mrs. Huey, who in turn sold it to the company in part payment for a new machine. The company agreed to take the old machine from Mrs. Richter's house, and on the day of the alleged injury one Barber, an employee of the company, went there for that purpose. The machine weighed about two hundred pounds, and when Barber came Mrs. Richter told him that he could not remove it alone without taking off the top, embracing the machinery and gearing, and she removed the belt so the top could be taken off. Barber insisted that he could carry the machine without taking it apart if he could get it upon his shoulder. She protested, and sought to convince him that he could not, and told him that it had required two men to carry it whenever it was moved before, and called his attention to the fact that the belt was off and the top loose, and if he undertook to shoulder the machine without replacing the belt the top was likely to fall off and break. He gave no heed to her protestations, however, and asked a man who was then moving Mrs. Richter's household goods, to assist him in shouldering the machine, which he undertook to do, but when the machine was being raised it was not kept level, and the top fell off, striking against the wall and rebounding to the floor, and broke in pieces. Mrs. Richter was standing near when the top fell, and a piece of iron struck her as it broke and entirely destroyed one of her eyes. Barber knew that the belt was off when he undertook to lift the machine, and that there was nothing to hold the top in its place, and that it was liable to fall and break.

Appellant's counsel insists that the fact that the top of the machine first struck the wall and then fell to the floor destroyed the chain of causation, in the view of the law, between the act and the injury, on the theory that the wall was an intervening agency.

We know of no instance where the law has been applied upon that theory under such circumstances, and we have been referred to none.

Intervening agencies sometimes interrupt the current of responsible connection between negligent acts and injuries, but as a rule these agencies, in order to accomplish such result, must entirely supersede the original culpable act, and be in themselves responsible for the injury, and must be of such a character that they could not have been foreseen or anticipated by the original wrong-doer. If it required both agencies to produce the result, or if both contributed thereto as concurrent forces, the presence and assistance of one will not exculpate the other, because it would still be an efficient cause of the injury.

It is also true that if a rational being, responsible for his own acts, should wrongfully intervene and interrupt the causal connection by adding a new, independent and efficient force, the original wrong-doer would be relieved from responsibility for the resulting injury, but this case presents no such a question.

Barber knew of the presence of the wall when he undertook to lift the machine. His careless act in undertaking to remove the machine in the manner and under the circumstances that he did was the proximate cause of the injury.

It is next insisted that the injury was such an extraordinary and unlooked for occurrence that it could not have been foreseen, and is, consequently, too remote to afford the basis of a legal liability. Every rational being is responsible for his careless acts, and the consequences which follow, according to the practical application of the laws of cause and effect, whether he was able to anticipate the particular result or not.

In Shearman & Redfield's valuable treatise on the law of negligence, section 29, the law is laid down as follows:

" The practical solution of this question appears to us to be that a person guilty of negligence should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by

reasonable diligence or not, would have thought at the time of the negligent act, reasonably *possible* to follow, if they had been suggested to his mind."

In the case of *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544, the court said : " There is a plain difference between the wrongful act and its consequences, for when a wrongful act is done, the wrong-doer must answer for all proximate consequences, although he may not have foreseen or anticipated the particular form or character of the resulting injury."

The Supreme Court of Massachusetts, in *Hill* v. *Winsor,* 118 Mass. 251, said : " The accident must be caused by the negligent act of the defendants ; but it is not necessary that the consequences of the negligent act of the defendants should be foreseen by the defendants. It is not necessary that either the plaintiff or the defendants should be able to foresee the consequences of the negligence of the defendants in order to make the defendants liable. It may be a negligent act of mine in leaving something in the highway. It may cause a man to fall and break his leg or arm, and I may not be able to foresee one or the other."

In the case before us, Barber knew of the condition of the machine, and the liability of the top to fall and break.

He was duly warned of the consequences to this extent before he undertook to remove it, and, disregarding the warning, he attempted to remove the machine in its dangerous condition, and the accident resulted. Under clear and explicit instructions the jury found the negligence of Barber, in handling the machine, to be the natural and proximate cause of the injury, and we see no reason for disturbing the finding.

It is also argued, on behalf of appellant, that the appellee was guilty of contributory negligence in removing the belt from the machine, thus making it possible for the accident to occur. She removed the belt to enable Barber to take the machine apart, so it could be handled without difficulty,

or danger, and so informed him. This was not an act of negligence, as a matter of law. And even if it was, Barber was fully advised of the condition of the machine before undertaking to handle it, and after such knowledge the law required him to use caution commensurate with the known, or apparent, danger.

It is doubtful if an original act of negligence upon the part of the appellee, which was known to the appellant, would exonerate the latter from liability, if by the exercise of ordinary care it could have avoided the injury, notwithstanding appellee's blamable act. It is said in Shearman & Redfield Negligence, section 99 : "It is now perfectly well settled that the plaintiff may recover damages for an injury caused by the defendant's negligence, notwithstanding the plaintiff's own negligence exposed him to the risk of injury, if such injury was proximately caused by the defendant's omission, after becoming aware of the plaintiff's danger, to use ordinary care for the purpose of avoiding injury to him. We know of no court of last resort in which this rule is any longer disputed ; although the same rule, in substance, but inaccurately stated, has been made the subject of strenuous controversy." We think this principle of law is applicable to the facts in the case at bar.

The fact that the man who was moving appellee's household goods helped Barber lift the machine upon his shoulder can not affect the right of recovery. He rendered the assistance at Barber's request, and was not acting for the appellee while so engaged.

In our opinion the evidence sustains the verdict.

Judgment affirmed, with costs.

Filed Sept. 18, 1891.