Filed Jan. 8, 1892.

———————◆———————

No. 139.

## HANKEY v. DOWNEY.

PROMISSORY NOTE.—*Special Verdict.*—*Failure of Consideration.*—In an action upon promissory notes governed by the law merchant, brought against the maker by the plaintiff, to whom they had been endorsed by the payee before maturity, the plaintiff was not entitled to judgment upon a special verdict which found that the warranted machine for which the notes were given was worthless, and that the agent who purchased the notes in suit for the plaintiff knew at the time that the

maker had refused payment because of the worthless character of the consideration for which they were given.

SAME.—*Special Verdict.—Statement of Conclusions of Law.*—A special verdict is bad which states that at the time the agent purchased the notes for the plaintiff he knew from the appearance of the same, and from the circumstances of their offer for sale, that there was a dispute between the maker and the payee as to the validity of the notes, and that the maker had refused to pay the same on account of some defence claimed by him thereto. It is the office of a special verdict to state facts simply and to leave all conclusions of law to the court.

SAME.—*Action on Commercial Paper.—Failure of Consideration.—Knowledge of Defence.—How Shown.*—In an action on commercial paper held by one who purchased it for value before maturity, where the defence is failure of consideration, it is necessary to show that the plaintiff had knowledge of the defence existing against the payee, his endorser, or to show facts which create a legal presumption that he acted in bad faith in abstaining from inquiry which would have resulted in such knowledge. The circumstances which will justify such an inference must be pointed and emphatic, and must lead directly and irresistibly to the conclusion that the purchaser had notice, before the presumption that he purchased the note in good faith can be overthrown.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge, B. C. Moon* and *B. B. Johnson,* for appellant.

*J. O'Brien* and *C. C. Shirley,* for appellee.

BLACK, J.—This was an action on two promissory notes, governed by the law merchant, and payable on or before September 1st, 1885, brought against the appellee, the maker, by the appellant, to whom they had been endorsed by the payee before maturity.

There was an answer in several paragraphs. A demurrer to these paragraphs jointly was overruled, and the appellant replied by general denial. A trial by jury resulted in a special verdict, on which judgment was rendered for the appellee. This judgment was reversed by the Supreme Court. *Hankey* v. *Downey,* 116 Ind. 118. A motion in that court to make the mandate more specific was overruled. Upon the return of the cause to the court below, the appellant

moved for judgment in her favor upon said special verdict. This motion having been overruled, the cause was again tried by jury, and another special verdict was returned. The appellant's motion for judgment on this special verdict, and her motion for a new trial having been overruled, the court sustained a motion of the appellee for judgment on the special verdict, and rendered judgment accordingly.

We are first required to consider the action of the court in overruling the appellant's motion for judgment on the first special verdict after the return of the cause from the Supreme Court.

There is a dispute between counsel as to the proper effect of the decision of the Supreme Court on the former appeal, it being contended on behalf of the appellant that the judgment of reversal made it the duty of the circuit court to render judgment for the appellant upon the special verdict, while counsel for the appellee contend that the judgment was reversed by the Supreme Court for error in overruling the demurrer to the fourth paragraph of answer.

The question discussed by the Supreme Court and decided against the appellee was presented by the fourth paragraph of answer, and also in the seventh finding of the special verdict.

Though the fourth paragraph of the answer, under the doctrine of the decision on appeal, was insufficient, there could be no error in overruling the demurrer, for it was addressed to all the paragraphs jointly, and some of them were sufficient.

It does not appear by the record that any action upon the demurrer was taken after the return of the cause to the court below, but the fourth paragraph of answer seems to have been treated thenceforth as bad, and in the rendition of the last judgment the costs were apportioned with reference to " the time of the ruling on the demurrer to the fourth paragraph of answer."

No question is made here concerning this apportionment of the costs.

The facts stated in the first special verdict, so far as they need be stated for the purposes of this decision were, in substance, that the notes sued on were given in consideration of the purchase by the maker from the payee of one Empire Twine Binder Reaping Machine; that, when said machine was purchased, the payee, through his agent, warranted it in certain respects stated; that the appellee relied upon the warranty, and purchased the machine and executed the notes upon the strength thereof; that the machine was defective in certain respects stated, being those as to which it was warranted; that its defects were irremediable; that by reason thereof the machine was rendered wholly worthless; that appellee offered to return it as soon as it was found that it could not be made to perform its offices, and the payee refused to receive it, and refused to attempt to repair it.

In the seventh finding of this verdict it was stated that said machine was an article patented under the laws of the United States, and sold and manufactured under and by virtue of such patent; that it was purchased by the appellee in Howard county, in this State; that at the time of such purchase the patentee, nor any one in his behalf, had not filed with the clerk of said county copies of his letters patent, duly authenticated, together with an affidavit that the same were genuine and had not been revoked nor annulled, and that the person selling the same had full power to sell and barter such patent-right; that the person taking the notes in suit did not insert in the body thereof the words, " Given for a patent-right," above the signature of the maker, or any other words of similar import; that said notes were so executed for no other or different or additional consideration " than that stated above; that the appellant, when she became the owner of the notes in suit, knew all the facts stated in this seventh finding."

It was further stated in subsequent paragraphs of the ver-

dict that the appellant purchased said notes on the 28th of August, 1885, at their face value, and that they were accepted by the appellant in payment of a debt previously owing to her from the payee for lumber theretofore furnished the payee by the appellant; that the notes had been sent to Kokomo for collection prior to their transfer to the appellant, and payment was refused, and that at the time of said transfer each of the notes showed upon the back thereof that it had been endorsed for collection, the first to Russell & Dolman, and the second to Blacklidge & Blacklidge, both of said firms doing business in Kokomo; that one Angell was at the time the active agent of the appellant in purchasing said notes, and knew at that time that the appellee had refused payment "because of the worthless character of the consideration for which they were given."

In the second special verdict it was shown that the first described of the two notes in suit and a third note were given in payment for an Empire reaper, which fact was shown on the face of the notes; that said machine was sold by the payee to the appellee with warranty stated; that there was a breach of the warranty, the facts of the breach being alleged, and that the machine was worthless; that said third note had been surrendered by the payee to the appellee, who paid the payee a certain sum in money and executed the other note in suit in compromise and in lieu of said third note; that it was agreed by the payee that if the appellee would execute said other note in suit, and pay said sum of money, the payee would cause said machine to be repaired and its defects to be remedied so that it would do good work, or would furnish the appellee a new machine; but the payee wholly failed and refused to keep and perform said agreement; and that in said other note in suit it was recited that it was given in consideration of one Empire binder purchased by the appellee; that the appellant was a lumber dealer in Akron, Ohio, and regularly furnished the payee large quantities of lumber for the manufacture of said

machines, for which the payee, who resided in the same city, made monthly settlements; that the business of the appellant was managed by one Angell, and the appellant had no personal knowledge of the assignment to her of said notes till after the assignment; that said Angell, for the appellant, allowed the payee the face value of said notes in settlement of a pre-existing debt owing to the appellant from the payee for lumber furnished him prior to said assignment; that at the time said Angell purchased said notes, he knew from the appearance of the same, and from the circumstances of their offer for sale, that there was a dispute between the appellee and the payee as to the validity of said notes, and that the appellee had refused to pay the notes on account of some defence claimed by him thereto.

Passing by matters not disputed by counsel, we will examine only the question whether either of these verdicts sufficiently shows notice to the appellant of the appellee's defence of failure of consideration.

Notice to the agent while acting as such in the purchase of the notes would affect his principal, the appellant, and bind her to the same extent as if received by her. *Carithers* v. *Stuart*, 87 Ind. 424; *Cox* v. *Reynolds*, 7 Ind. 257 (262).

The instruments sued on being commercial paper held by one who purchased them for value before maturity, the question is whether or not either of the verdicts shows that she had knowledge of the defence existing against the payee, her endorser, or shows facts which create a legal presumption that she acted in bad faith in abstaining from inquiry which would have resulted in such knowledge.

The circumstances which will justify such an inference must be pointed and emphatic, and must lead directly and irresistibly to the conclusion that the purchaser had notice, before the presumption that he purchased the note in good faith can be overthrown. *Tescher* v. *Merea*, 118 Ind. 586; Tiedeman Com. Pap., section 289.

In *Citizens Bank* v. *Leonhart*, 126 Ind. 206, it is said that

persons dealing in commercial paper are expected to use reasonable diligence, when such paper is offered for sale under circumstances that are calculated to excite the suspicion of a reasonably cautious person.

If the endorsee of a negotiable promissory note before maturity knew facts which if inquired into would have led to information of an equity of the maker, the endorsee must be regarded as affected with knowledge of all that the inquiry would have disclosed.   *Hulbert* v. *Douglas,* 94 N. C. 122.

The suspicious circumstances which will thus require investigation must be of a substantial character, and so strong that bad faith on the part of the endorsee may reasonably be inferred.   *Hamilton* v. *Vought,* 34 N. J. L. 187; Tiedeman Com. Pap., sections 289, 300.

" It is quite clear and well settled that the purchaser need not have notice of the particular fraud, or equity or illegality, in order to be affected by it.  It is sufficient that there be notice, actual or constructive, that there is some fraud, or equity or illegality affecting the original parties."   Daniel Neg. Inst., section 799 ; Tiedeman Com. Pap., section 300.

A purchaser of a promissory note, who at the time of the purchase is told that the maker claims the note was given without consideration, and that he would have to be sued before he would pay it, is not a *bona fide* purchaser.   *Boyce* v. *Geyer,* 2 Mich. N. P. 71.

In the first special verdict it is stated that the agent who purchased the notes in suit knew at the time that the appellee had refused payment because of the worthless character of the consideration for which they were given.

In view of the finding that the warranted machine for which the notes were given was worthless, we can not conclude that the appellant was entitled to judgment on this verdict.

In the second verdict it was found that at the time the agent purchased the notes he knew from the appearance of the same, and from the circumstances of their offer for sale,

that there was a dispute between the maker and the payee as to the validity of the notes, and that the appellee had refused to pay the same on account of some defence claimed by him thereto.

·This amounted to a finding that the appearance of the notes and the circumstances of their offer for sale constituted notice to the agent of such a dispute, and of a refusal to pay for such a reason.

It is the office of a special verdict to state facts and to leave all conclusions of law to the court. The facts from which notice to the endorsee of a defence to the commercial paper might have been inferred should have been found and stated for the consideration of the court.

We are of the opinion that the case is one in which there should be a new trial.

The judgment is reversed, and the cause is remanded for a new trial.

