The Galveston, Harrisburg & San Antonio Railway Company
v. Joseph J. Sweeney.

No. 155.

1. **Evidence—Cross-Examination.**—A party was not injured by allowing a witness to testify on cross-examination to matters brought out in direct examination, and the question asked elicited no new facts.

2. **Evidence.** — Where it is shown that a brakeman in the cupola of the caboose of a train could not possibly see a break in the train, which occasioned an accident, a question bringing out the imperative necessity of a brakeman being there was not material error, upon the ground that it was argumentative, speculative, and irrelevant.

3. **Same — Expert Testimony.** — Error to permit a witness who saw the coupling detached after the accident, to testify that the break in the coupling could have been seen from the outside of the train, because it was a conclusion of the witness in regard to a matter about which he could not have been better informed than the jury.

4. **Same.**—Where the facts can be placed before the jury, and are such that jurors are generally as competent to form opinions and draw inferences from as witnesses, the opinions even of experts can not be received as evidence of such facts.

5. **Charge of Court must be Confined to Allegations and Evidence.**—Where damages are claimed against a railway company on the grounds of defective machinery furnished by it, without any allegations in the petition of the unskillfulness or unfitness of its servants, it was error in the charge to attempt to define the duties of the company in the employment of its servants.

6. **Same.** — Where the company introduces evidence tending to show that the accident occurred by reason of a violation of its rules by plaintiff and his fellow servants, this should be submitted by instructions. Railway v. Ryan, 69 Texas, 666.

7. **Charge on Negligence.**—Where the court charged that the company would be responsible for the negligence of its servants, there being no allegation of negligence, if proved it would not sustain a verdict.

8. **Same.**—Where there is no allegation that the injury was caused by a failure on part of the company to adopt rules and regulations for the protection of its employes, and nothing in the law or evidence calling for a charge on that subject, it should not be given.

9. **Railway Company Liable for its Defective Machinery—Proximate Cause.**—It is the duty of a railway company to furnish safe and proper machinery for the use of its employes, and when there is a defect in such machinery which was known, or could have been known by proper care, and such defect is the direct and proximate cause of injury to an employe, the railway would be liable.

10. **Proximate and Concurring Cause.**—While the acts of a plaintiff and his fellow servants in failing to obey the rules of the company may have been a concurring cause in producing the wreck, yet if the defective appliances were the proximate cause the company would be liable in damages.

11. **Same.**—In determining proximate cause the intervention of the independent act of a third person between the wrong complained of and the injury

sustained, and which act was the immediate cause of the injury, is made a test of that remoteness of cause of damages which preclude recovery. Brandon v. Manufacturing Co., 51 Texas, 122.

APPEAL from Medina.  Tried below before Hon. THOS. M. PASCHAL.

*Upson & Bergstrom*, for appellant.—1. The court erred in permitting witnesses to testify that they were still in the employ of defendant, and had been promoted from brakemen to conductors since the accident in which plaintiff was injured.  1 Thomp. on Trials, secs. 715, 716; Barton v. Kane, 84 Am. Dec., 728; Railway v. Hennessey, 75 Texas, 155; Railway v. McDonald, 75 Texas, 41; Railway v. Kirkbride, 79 Texas, 457.

2. Whether or not it was negligence for the brakeman not to be in the cupola of the caboose when the train was partly equipped with air brakes, was a question for the jury under the facts in evidence.          .

3. To render opinion evidence competent, the subject matter of the inquiry should be such as inexperienced persons would not be likely to form a correct judgment upon it, without the assistance of the opinion of a person peculiarly skilled or possessing knowledge or experience in regard thereto.  Rogers on Exp. Tes., secs. 4, 5, 6; Commonwealth v. Sturtivant, 117 Mass., 122; Allen v. Railway, 26 Pac. Rep., 297.

4. The court erred in instructing the jury as to the furnishing of skillful and trustworthy agents and workmen by defendant, and that a failure to do so, resulting in an injury to one of defendant's employes, would render defendant liable for such injuries, when no such issues were made by the pleadings nor warranted by the evidence.  Sayles' Civ. Stats., art. 1187; Railway v. Blohn, 73 Texas, 637; Railway v. Platzer, 73 Texas, 117; Mims v. Mitchell, 1 Texas, 443.

5. The court erred in the ninth and tenth clauses of its charge, as they ignore the question of contributory negligence, and take from the jury the consideration and determination of the question as to what was in fact the real or proximate cause of the injuries to plaintiff.  Thomp. on Charge to Jury, secs, 62, 63; 2 Am. and Eng. Encycl. of Law, 248, sec. 45.

6. The court erred in attempting to define proximate cause and to give the legal test thereof, as the same defines a remote as much as it does a proximate cause.  Whitt. Smith on Neg., 24, 25, 373, 378; Pittsburgh v. Gier, 60 Am. Dec., 65; Railway v. Ormond, 64 Texas, 489; Murray v. Railway, 73 Texas, 2.

No brief for appellee reached the Reporter.

FLY, ASSOCIATE JUSTICE.—This suit was filed in the District Court of Medina County, the petition alleging, that the plaintiff (appellee) had sustained great injury and damage by reason of the negligence of defendant

(appellant) in furnishing defective appliances on its cars, which caused a wreck and the injury of appellee. Appellant answered, that the injury was the result not of defective appliances, but of the negligence of appellee and his fellow servants.

The case was tried before a jury, and resulted in a verdict and judgment for $16,000.

There are thirty-five assignments of error, all of which it is unnecessary to discuss. Those noticed will be discussed in their order in the brief of appellant.

The first and second assignments are wholly without merit. The witnesses Crawford and Smith were placed on the stand by appellant, and in the direct examination stated, that they were brakemen when the accident occurred, and were at the time of the trial conductors, and if it is a promotion to go from the position of brakeman to that of conductor, then they had been promoted since the accident, and we can see no ground for error in allowing the witnesses to be questioned on a cross-examination in regard to matters brought out in the direct examination. No new fact was elicited by the question objected to; and if any injury to appellant arose from the introduction of such testimony, the blame lies at its own door, and it is in no position to complain. It becomes unnecessary for us to say whether or not the question, under other circumstances, would be improper; suffice it to say, that the Texas authorities cited by appellant do not sustain the position taken in the brief. In the case of Railway v. Kirkbride, 79 Texas, 457, cited by appellant, the Supreme Court says that it would not reverse the case on that ground, although the evidence had been given prominence in a charge to the jury. The statement of facts fails to show that Innes testified to anything whatever as to the promotion of Crawford and Smith, and that fact alone would render unavailable the second assignment, on that point.

It was not erroneous to permit Innes to testify that Hoffman, the engineer, was still in the employ of appellant, and that he had been present under orders from appellant's counsel, and had left pending the trial. This testimony was not objected to at the time of its admission, but a motion was made to exclude it after the whole of the testimony had been concluded. The explanation of the judge to the bill of exceptions shows that counsel for appellant admitted he had sent Hoffman off, as he did not need him, but as this will not likely occur on another trial we need not pass on it.

It being in proof that the rear brakeman was in his position in the cupola of the caboose when the accident occurred, and it being shown that the cars were arranged so that it would not have been possible to have seen the break in the train from the cupola, we are of the opinion that the question bringing forth an answer as to the imperative necessity of the brakeman being in the cupola was not material error, and had no influence on

the verdict. The testimony was not objected to on the grounds of its being an opinion of the witness, the grounds being that it was "argumentative, speculative, and irrelevant." These grounds are not well taken.

We are of the opinion that it was error to permit the witness W. N. Parks to testify that the break in the coupling could have been seen from the outside. He saw the coupler after the accident, when the cars had been derailed and the coupler detached, and was not competent to testify as to whether or not the break could have been seen when the coupler was in its place. This was indeed the turning point in the case; the main question to be determined by the jury in fixing the liability of the railway to one of its employes by reason of injuries occasioned by defective and unsafe appliances furnished by it, whose defective condition could have been known by diligence on the part of the master. A witness, one of the counsel for appellee, was permitted to decide this contested point for the jury. It was a conclusion of the witness in regard to a matter about which he could not possibly have been better informed than the jury. This was not a case for expert testimony; and if it had been, Parks did not show himself to be an expert. If the jury could be sustained in the verdict rendered by them, it would necessarily be on the ground alleged in the petition, that the damage accrued by reason of a defective coupler, which the railway company knew, or could have known by reasonable diligence, was defective; and this witness is allowed to testify to the material fact that the jury were to find, not from the speculations and opinions of witnesses, but from the evidence before them. It was the substitution of the opinion of a witness for the opinion of the jury. Where the facts in a case can be placed before a jury, and they are of such a nature that jurors are generally just as competent to form opinions in reference to them and draw inferences from them as witnesses, the opinions of even experts can not be received as evidence of such facts. Gutridge v. Railway, 7 S. W. Rep., 477; Overby v. Railway, 16 S. E. Rep., 813; Freeburg v. Plow Works, 50 N. W. Rep., 1026.

While there is nothing to commend in the charge complained of in the sixth assignment of error, yet it would not be reversible error. The jury could find negligence on the part of appellant as well from the testimony of appellant's witnesses as from that of appellee's witnesses; but it is closely bordering on an invasion of the domain of the jury to so instruct them, as it might possibly induce them to believe that the judge thought there was negligence shown by appellant's witnesses. The trial judge can not well be too guarded against indicating, even by inference, what he may believe in regard to evidence on a contested point.

The ground set out in the petition upon which appellee claimed damages was the defective machinery furnished by appellant, and there was no allegation as to the unskillfulness or unfitness of the servants of appel-

lant, and yet in the third, fourth, and fifth clauses of the charge attempt is made to define the duties of railroad companies in connection with the employment of their servants. This was error. It was the object and purpose of the appellant to show that the damage resulted through the negligence of appellee and his fellow servants, and the whole effect of this defense is impaired, and perchance destroyed, by repeated charges about the duty of appellant to select competent servants. The charge should be confined to the allegations and the evidence. Appellant introduced evidence tending to show that the accident occurred by reason of a violation of its rules by appellee and his fellow servants, and this should have been submitted under appropriate instructions to the jury, unencumbered by instructions not founded on allegation or facts. Railway v. Ryan, 69 Texas, 666.

The tenth clause of the charge is too general, and referring back as it does to the charges on the question of incompetency of the servants of appellant, is tainted by the error in those clauses.

The fourteenth assignment of error is well taken. The court, in the fourteenth paragraph complained of, assumed that appellant would be responsible for the negligence of its servants, there being no allegation of negligence, and if proved would not sustain a verdict. The same objections hold good as to paragraphs 19 and 25 of the charge.

There was no allegation that the injury was caused by a failure on the part of appellant to adopt rules and regulations for the protection of its employes, and there was nothing in the law or the evidence calling for a charge on that subject; and still, in the twentieth paragraph, the jury is instructed, that it is the duty of railroad companies " to adopt all reasonable rules and regulations to avoid injuries to the employed; and having adopted such rules, to conform to them."

The twenty-third paragraph of the charge, which is complained of, is not warranted by the law or facts.

The trial judge in the beginning of his charge clearly sets forth the issues as contained in the pleadings, but seems to lose sight of them, and issues are afterwards drawn into the case that have no conceivable connection with the case as formed by pleadings and evidence. The ground of appellant's liability, as fixed by the pleadings and testimony, was that it had furnished appliances for its train which were defective, and of which defects appellant had knowledge, or could have had by using ordinary care and diligence. It is the duty of a railroad company to use reasonable care in the selection of safe and proper machinery and appliances for the use of its employes, and when there is a defect in such machinery which was known, or could have been known by proper care on the part of the railroad company, and such defect is the direct and proximate cause of injury to an employe, the railroad would be liable in

damages. By proximate cause is meant such an act, wanting in ordinary care, as actively aided in producing the injury as a direct and existing cause. It need not necessarily be the last or sole cause, but it must be a concurring cause such as might reasonably have been contemplated as involving the result under the attending circmstances. Eames v. Railway, 63 Texas, 664; Jones v. George, 61 Texas, 353; Seale v. Railway, 65 Texas, 277; Gonzales v. City of Galveston, 84 Texas, 1.

It is alleged by appellant, that the injury did not occur by reason of the defect in the coupling or drawheads or any other part of the cars, but that it was caused by the carelessness and negligence of appellee in not attending to his duties as conductor, and by the negligence of his fellow servants. While the acts of appellee and his fellow servants in failing to obey the rules of the company may have been a concurring cause in producing the wreck, yet if the defective appliances were the proximate cause—that is, actively aided in producing the injury as a direct and existing cause, as might have reasonably been contemplated as involving the result under the attending circumstances—and knowledge of the defect, or reasonable grounds for knowledge, was brought home to the appellant, it would be liable in damages. But as said by Sedgwick, it is far easier to lay down the general proposition, that the act complained of must be the natural and proximate cause of the injury, than to apply the rule in particular. But a general rule must be adopted.

In determining the proximate cause, it is said that the intervention of the independent act of a third person between the wrong complained of and the injury sustained, and which act was the immediate cause of the injury, is made a test of that remoteness of cause of damage which forbids recovery. Brandon v. Manf. Co., 51 Texas, 122. It is for the jury to conclude from the evidence whether the damage resulted from the defective coupling and drawheads or from the independent intervening acts of appellee and his fellow servants, or either of them. If the acts of appellee or his fellow servants were not the intermediate efficient cause of the injury, then the original failure, if such there be, on the part of appellant to provide and keep safe appliances for its cars must be considered as reaching to the injury inflicted to appellee, and the proximate cause of it. This is, as before stated, a question of fact to be determined by the jury, in view of the circumstances surrounding the case, under proper instructions from the court. Jones v. George, 61 Texas, 346; Eames v. Railway, 63 Texas, 660.

Some of the ideas embodied in the special charges have been commented on in this opinion, and were sufficient to call the attention of the court to the phases of the law therein set forth, while several of them were directly on the weight of evidence and were rightly refused. The errors complained of in regard to the remarks of counsel are not likely to occur

on another trial, and it is unnecessary to consider the question of excess in the verdict.

For the errors indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*