SHIPPERS COMPRESS AND WAREHOUSE COMPANY V. LEONA
DAVIDSON ET AL.

Decided April 20, 1904.

**1.—Obstruction in Street—Compress Company—Negligence Per Se—Proximate Cause.**

The act of defendant, a compress company, in obstructing a public street by a gangway over which bales of cotton were moved on trucks from one platform to another was negligence per se and the company was liable for the death of one whose horse took fright at the noise made by a servant of defendant engaged in moving cotton, a proximate cause being the negligence of defendant in erecting the obstruction.

**2.—Charge—Considered as a Whole.**

A paragraph of a charge was not objectionable as ignoring the issue of contributory negligence where another part of the charge submitted that issue.

**3.—Charge—Obstruction in Street—Flagman—Negligence.**

Defendant compress company can not complain of a charge requiring the jury to find, as a condition of recovery, that the work of trucking bales of cotton over a gangway across a street was under the direction of its generel agent, and that there was no flagman to warn the people of the danger of such crossing, since neither condition was necessary to a recovery; the act of defendant in obstructing the street was in itself negligence which would render it liable for accidents proximately resulting therefrom.

**4.—Practice on Appeal—Defective Bill of Exceptions.**

A bill of exceptions complaining of the action of the court in refusing to allow a witness to answer a question put to him will not be considered on appeal where the bill does not show what the witness would have answered.

**5.—Death—Verdict—Minors—Attorney and Client—Judgment.**

Upon a verdict being apportioned by the jury between the wife and minor children of deceased, the court had no authority to render judgment for one-half to their attorneys, in accordance with a written agreement. Money adjudged to the minors could only be paid out by a guardian under orders of the probate court.

Appeal from the District Court of Kaufman. Tried below before Hon. J. E. Dillard.

*A. M. Carter,* for appellant.

*Thos. R. Bond* and *Wm. H. Allen,* for appellees.

FLY, ASSOCIATE JUSTICE.—Leona Davidson, describing herself as the surviving wife of W. I. Davidson, instituted this suit in her own behalf, and as the next friend of her minor children, Buelah, Milton, Clifford and Ira Davidson, to recover damages from appellant incurred by reason of the death, through negligence, of said W. I. Davidson.

Appellant filed general and special demurrers, and answered denying that its negligence had caused the death of W. I. Davidson, but if it resulted from negligence at all, it was that of some person for which appellant was not liable. Contributory negligence was not pleaded. Trial by jury resulted in a verdict in favor of appellees for $4500.

The facts show that W. I. Davidson came to his death on December 17, 1901, through the negligence of appellant, and that appellees, his wife and children, were damaged in the sum found by the jury. A full

statement of our conclusions of fact will be found herein in connection with the discussion of the assignments of error.

Through the medium of the first and second assignments of error, appellant claims that the evidence failed to show that any negligence of appellant was the proximate cause of the death of W. I. Davidson, but that it shows that the negligence of appellant was not the direct and proximate cause of the injury and damages sued for, and the jury should have been intsructed to return a verdict for appellant.

Grove Street runs east and west through the city of Terrell, and it was agreed that it was a public street and eighty feet wide. Appellant was, on December 17, 1901, engaged in the business of compressing cotton bales. It had a platform on the north side of Grove Street that was about six feet high and another on the south side of the street that was about one foot high. A gangway had been built from the southwest corner of the north platform to the south platform which ran on an incline downwards to about the center of the street to a bank or dump of earth constructed by appellant which ran on a level for fifteen or twenty feet, and then inclined upwards in order to connect with the south platform. The gangway was about seven feet wide. Only a space of fifteen or twenty feet was left in the street for the passage of vehicles, and those traveling along Grove Street, in order to cross the gangway, and those going east would have to pass over the gangway in the same manner, except that they would go down the incline. The superintendent of the compress company was in direct and immediate control of the compress and superintended the work. Cotton was placed on the north platform after being weighed, and was then transferred on trucks by negroes over the gangway to the south platform, where it was compressed. In transferring the cotton across the street the trucks would move rapidly down the incline and across the street. The gangway blocked up the street with the exception of fifteen or twenty feet, and travel on horseback or in vehicle was confined to this space. The gangway had been built and was being used without the authority of the city of Terrell.

The use of the street by appellant, in the manner that it was used, was unwarranted and in flagrant disregard of the rights of the public and in open violation of the laws of the State of Texas. Penal Code, art. 480. The building of the gangway being an obstruction of the street and a violation of a statute of the State, was negligence per se, and if such negligence was the direct and proximate cause of the injury and death of W. I. Davidson, appellant was liable for the damages resulting therefrom.

The question, then, of prime importance is, was the erection of the obstruction in the street the direct and proximate cause of the death of W. I. Davidson? The proximate cause is not necessarily the one nearest to the event, but the primary cause may be the one proximately responsible for the result although it may operate through one or more successive instruments. If the primary cause was so linked and bound

to the events succeeding it that all together they create and become one continuous whole, the one event so operating upon the other as to tie the result to the primary cause, the latter will be the proximate cause of the injury. If there is some new and independent cause disconnected from the first or original cause, operating in itself which intervenes to produce the result, the chain of sequence will be broken and the primary fault can not be held to be the direct and proximate cause of the injury. As said in Gonzales v. Galveston, 84 Texas, 3: "By proximate cause we do not mean the last cause, or nearest act to the injury, but such act wanting in ordinary care as actually aided in producing the injury as a direct and existing cause. It need not be the sole cause, but it must be the concurring cause, such as might reasonably have been contemplated as involving the result, under the attending circumstances." In the case of White Sewing Machine Co. v. Richter, 2 Ind. App., 334, 28 N. E. Rep., 446, the matter is clearly and forcibly stated as follows: "Intervening agencies sometimes interrupt the current of responsible connection between negligent acts and injuries, but, as a rule, these agencies, in order to accomplish such result, must entirely supersede the original culpable act, and be in themselves responsible for the injury, and must be of such a character that they could not have been foreseen or anticipated by the wrongdoer. If it required both agencies to produce the result, or if both contributed thereto as concurrent forces, the presence and assistance of one will not exculpate the other, because it would still be the efficient cause of the injury." In discussing the rule as to determining proximate cause the Federal Supreme Court, in Mutual Ins. Co. v. Tweed, 7 Wall., 52, said: "One of the most valuable criteria furnished us by the authorities is to ascertain whether any new cause has intervened between the fact accomplished and the alleged cause. If a new force or power has intervened of itself, sufficient as the cause of the misfortune, the other must be considered as too remote."

The enunciation of the general rule as to proximate cause is not so difficult a matter as the application of the rule to the facts of the particular case, and the seeming differences between decisions on the subject arise from that difficulty and not from the formulation of the rule. The facts in this case, however, are simple, and we think the application will be attended with little difficulty.

On the morning of December 17, 1901, W. I. Davidson, with his little daughter, was driving his horse attached to his buggy into the city of Terrell, and started to drive across the gangway but stopped on account of a negro passing with a bale of cotton on a truck. After the negro had passed, the horse started over the dump or embankment that appellant had built in the street, and about the time the buggy got on top of the gangway, going west, another negro started down the gangway with another bale of cotton on a truck from the north platform and went on a run down past and in close proximity of the hind wheels of the buggy. As soon as the truck started down, the horse took fright

at the noise made by it and ran and turned the buggy over. Davidson and his daughter were thrown out and the former received injuries from which he afterwards died. The curtains of the buggy were up so as to prevent deceased from seeing the negro approaching with the truck.

If appellant is liable for damages resulting from the death of W. I Davidson, it must arise from its own wrongful act, negligence, unskillfulness or default, and not from any negligence upon the part of its employe. Rev. Stats., art. 3017, sec. 2. It is the contention of appellant that the facts of this case, above enumerated, show that the death of W. I. Davidson was caused through the negligence of the negro with the truck, and that appellant is not liable for damages, no matter if it had been guilty of negligence in constructing the gangway across the street.

As before stated appellant violated the law of Texas in building the gangway across the street, and the accident would never have occurred but for that unlawful act. The act of moving the truck rapidly down the gangway, producing the noise that frightened the horse, was inseparably connected with the unlawful structure. Without the gangway the accident was impossible. It required the gangway as well as the moving of the truck to produce the result. They were active concurring forces producing the result. The intervening act of the negro in rolling the truck immediately behind the buggy and frightening the horse did not supersede the original unlawful act in putting the obstruction in the street. If the gangway had not been on the street, the negro could not have run the truck loaded with cotton at such a rate of speed across the street as to create sufficient noise to alarm the horse. The two causes were so closely conjoined that the one could not exist without the other, and when the negligence of the appellant concurred with the negligence of the negro it became as liable as though its negligence had been the sole moving cause of the disaster. There are numerous cases in which upon similar facts defendants have been held liable.

In the case of Gonzales v. Galveston, above cited, suit was instituted to recover damages for injuries inflicted on a child by the falling of lumber that had been unlawfully placed in the street. A drayman came in contact with the pile of lumber and knocked down some of it, which fell on a child that was not seen by the drayman, and severely injured her. The negligence asserted against the city was in permitting the lumber to remain in the street, and it was the contention of the city that the act of the drayman was an independent intervening cause and that it was not liable, in which contention it was sustained by the trial court. The Supreme Court said: "We do not think this is the principle governing the case. If it should be held that it was negligence on the part of the defendant at the time of the injury to have failed to remove the obstruction from the street, and this failure and the act of the drayman both concurring caused the injury, the city would be liable. This would be true whether the drayman was negligent or not. It is

true, if the ·drayman had not run his load against the lumber the accident would not have occurred, and on the other hand, if the lumber had not been in the street it would not have occurred. Dispense with either of these facts, and there would have been no injury." So in this case it may be true that if the negro had not run the truck over the gangway when he did the accident would not have happened, and it is equally true that if the gangway had not been there the injury would not have occurred. The two acts were interdependent and essential to each other in producing the result.

In the case of Alice W. C. & C. C. Tel. Co. v. Billingsley, 1 Texas Law Journal, 898, 77 S. W. Rep., 255, the facts showed that appellant placed a pole in a street in Beeville, where it should not have placed it, and while appellee was driving by it the horse by biting at a fly threw the buggy against the post and injured the appellee. It was held by this court that the location of the post in the street was the proximate cause of the injury, and a writ of error was refused by the Supreme Court.

So in the case of City of San Antonio v. Lena Porter, 24 Texas Civ. App., 444, the injury occurred through a horse, attached to a buggy, becoming frightened and backing from the street into the river, injuring the occupant of the buggy, and this court held that the proxiamte cause of the injury was the failure of the city to have a barrier along the river.

In an English case, Burrows v. Gas Co., L. R. 5 Ex., 67, cited by Buswell Pers. Inj., p. 167, the facts were that the gas company supplied the plaintiff with a service pipe to convey gas from the main to a meter in his house. Gas escaped from the service pipe and the servant of a plumber employed by the plaintiff went into the shop to ascertain the cause of the leak. He was carrying a lighted candle, and when he entered the shop an explosion took place damaging the goods and premises of the plaintiff. The court held that the negligent act of the servant in entering the room with a lighted candle did not relieve the gas company from liability.

In the case of Barry v. Terkildsen, 72 Cal., 254, a wooden covering had been placed on an excavation on a sidewalk, which had been made contrary to an ordinance, and the owner was held liable without proof that he had removed the covering. Also in a Georgia case, Wilson v. White, 71 Ga., 506, an obstruction in the streets was not guarded by lights as required by ordinance, and it was held that the owner of the material obstructing the street was liable although it was left unlighted through the negligence of a building contractor.

In the case of Lane v. Atlantic Works, 111 Mass., 136, the defendants left a truck with a bar of iron on it standing on a public highway of the city of Boston, in violation of an ordinance prohibiting such act. A boy moved the truck and the iron rolled off and hurt the plaintiff. The court in affirming a judgment in favor of the plaintiff said: "The act of a third person, intervening and contributing a condition neces-

sary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious effects which were to be anticipated, not in the number of subsequent events and agencies which might arise." The foregoing language was approved in Mexican Nat. Ry. Co. v. Mussette, 86 Texas, 708.

Applying the principle stated in the different authorities cited to the facts of the case, and we conclude that the negligence of appellant in erecting the obstruction was the direct and proximate cause of the death of W. I. Davidson. Such a result ought to have been foreseen by appellant when it built its gangway across the street, and the probability of the happening of such an event was emphasized by horses frequently getting frightened at the noise of trucks passing behind them. Appellant can not shield itself behind the acts of its servant who was using the agencies erected by appellant for the furtherance of its business. It might as well say that if it had placed a servant in the street with a gun in violation of law, and instructed him to fire it when no one was on the street, and he fired the gun and frightened a horse and caused him to kill a man, that the negligence of the servant in firing when some one was on the street relieved it of liability. The primary cause without which the accident could never have occurred will be sought for and held responsible for the results flowing from it. There is no force or strength in the argument that appellant would not be liable unless the gangway was defectively construsted. The wrong was not in defective construction, but in construction at all. The most perfect building of an obstruction across a street in violation of law, would not relieve the builder from the consequences of his unlawful act.

The court instructed the jury that if W. I. Davidson was guilty of contributory negligence in crossing the gangway, they should find for appellant, and also in case neither appellant nor its officers were guilty of negligence, appellees could not recover. In this immediate connection the court gave the following instruction: "The jury are further instructed if they believe and find from the evidence that the horse which W. I. Davidson was driving was frightened and caused to run away and occasioned the death of W. I. Davidson through the sole negligence of its employes in charge of its trucks, then you should find for defendant." The charge is objected to as excluding from consideration the contributory negligence of Davidson. The criticism is without merit. The different parts of the charge must be read together.

The court instructed the jury that if they found that the gangway was erected without permission of the city council, that appellants were engaged in carrying cotton by means of trucks on the gangway under the direction of Flowers, general agent of appellant, that appellant failed to have a flagman to warn people of the danger of traveling the street when appellants were using it, and such acts constituted negli-

gence on the part of appellant and that Davidson was exercising ordinary care to prevent his horse from becoming frightened, they should find for appellees. Appellant complains of the charge because Flowers was not present when the accident occurred and it was not proper to submit the issue of the truckmen acting under his direction. While there is evidence to the effect that Flowers did not see the accident, yet he was in direct control of the employes at the time and was in the immediate vicinity, and in a short time was on the scene of the disaster. If Flowers had not been in charge of the work on the day of the injury, we can not see how appellant was injured by the charge. It merely placed an additional burden upon appellees, and required proof of a fact· that was not all essential to a recovery on their part, and appellant has no just ground of complaint.

If appellant was guilty of negligence in having the street obstructed, the question of having a flagman to warn persons approaching the gangway could not arise, but the court as a condition to recovery required the jury to find not only that it was negligence to have the gangway in the street, but in addition that it was the duty of appellant to have a flagman. The charge increased the burden of proof of appellees, and did not injure appellant.

It was negligence in appellant to erect the gangway across the street without permission of the city council, and the court did not err in permitting appellees to prove want of permission to build the gangway.

The bill of exceptions, upon which is founded the assignment complaining of the action of the court in not allowing appellant to ask witness Flowers if he had not obtained permission of the mayor of Terrell to build the gangway, is not sufficient to form a basis for reviewing the action of the lower court in that it fails to state what the witnesss would have answered in response to the question. Without that statement an appellate court can not determine whether the party complaining sustained any injury or not. McAuley v. Harris, 71 Texas, 639; Gulf C. & S. F. Ry. Co. v. Locker, 78 Texas, 279; Cheek v. Herndon, 82 Texas, 146.

While we consider the testimony as to a watchman at the gangway was immaterial, the uncontroverted facts showing that appellants were unlawfully using the street, we can not see how it injured appellant. If, as contended by appellant, it had the authority to place the gangway across the street, then the manner of its use made the question of having a watchman at the gangway a vital issue in the case.

The jury returned a verdict for $4500, and apportioned $100 to Leona Davidson and $1100 to each of the four children. The court, after reciting that Leona Davidson for herself and as next friend for her minor children, had by her written agreement, which had been filed in the cause, transferred one-half of the claim to Thomas R. Bond and W. H. Allen, attorneys of record for the plaintiffs, rendered judgment giving appellees each one-half of what was allotted to them by the jury,

and giving the other half to the attorneys. There is nothing in the pleadings nor statement of facts justifying any such proceeding. The anomaly is therefore presented of a verdict being cut in half by the court and a judgment rendered for a sum of money in favor of parties not named in the verdict and not connected with the cause by pleadings or evidence, at the same time depriving the minor children of one-half of the sum awarded them by a jury without having the reasonableness of the fee determined by a court of competent jurisdiction. The District Court had no authority to take one-half of the amounts recovered by the minors and turn it over to the attorneys prosecuting the suit. No one had any right to receive or dispose of the money except a duly appointed guardian who would pay it out under the orders of the probate court. Galveston City Ry. Co. v. Hewitt, 67 Texas, 473; Galveston Oil Co. v. Thompson, 76 Texas, 235; Rev. Stats., arts. 2626, 2627.

In the case of Gulf C. & S. F. Ry. Co. v. Cooper, 33 Texas Civ. App., —, 77 S. W. Rep., 266, the Court of Civil Appeals of the First District held that, as the plaintiff agreed that the trial court might render judgment for one-half the amount recovered in favor of his attorney, a judgment so rendered was one of which the defendant could not complain. Without expressing an opinion as to the propriety or correctness of that decision, it is sufficient to say that the facts of this case do not bring it within the scope of it. We consider it the duty of this court to protect the rights of the minors, regardless of whether the matter affects appellant or not. Appellant, however, did not attempt to have the judgment corrected in the lower court and will not be permitted to profit in the matter of costs by the reformation of the judgment.

The judgment of the trial court will be set aside, and judgment here rendered in accordance with the verdict.

*Reformed and rendered.*

Writ of error refused.