**ARLINGTON HEIGHTS SANITARIUM v. DEADERICK et al.   (No. 7334.)**

(Court of Civil Appeals of Texas. San Antonio.   April 15, 1925.   Rehearing Denied May 13, 1925.)

1. Hospitals ⬤⟳8 — Finding, that sanitarium was negligent in permitting deceased to escape, sustained.

In action for death of husband and father on railroad tracks at night after escape from sanitarium, evidence *held* sufficient to sustain finding that sanitarium was negligent in permitting escape, and not discovering and returning him before killed.

2. Hospitals ⬤⟳7—Sanitarium liable for negligence in allowing patient suffering mentally to escape; sanitarium negligent in permitting patient to escape.

Sanitarium has duty to use ordinary care in watching patient suffering with mental trouble, and it is negligent in permitting him to escape

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and it is liable for all damages proximately arising therefrom.

**3. Hospitals ⬅7—Sanitarium's negligence in allowing patient's escape, proximate cause of death on railroad, notwithstanding railroad's negligence.**

Sanitarium's negligence, in allowing patient suffering from mental trouble to escape at night, *held* proximate cause of his death on railroad track, notwithstanding railroad also may have been negligent, which was not intervening cause interrupting defendant's negligence; negligence of both being concurring.

**4. Appeal and error ⬅1068(4) — Defendant not prejudiced by any assumption in instruction negatived by former required finding.**

In action for death of person mentally troubled, where first question to jury was whether deceased would have recovered, and they were instructed not to answer other questions if he would not have recovered, any assumption of recovery in subsequent instruction on question of damages was not prejudicial, jury having passed on question of recovery before reaching question of damages.

**5. Hospitals ⬅7—Wife not contributorily negligent in refusing to allow husband to be placed on second floor of sanitarium.**

In action for death of patient, who escaped from sanitarium and was struck by train, wife *held* not contributorily negligent in refusing to allow deceased to be kept on second floor, in view of assurance by doctors that deceased was not a sick man, but merely nervous, and that he did not require special care, and failure to tell her that he should be kept on second floor.

**6. Evidence ⬅66 — Physicians presumed to know what they were talking about.**

Physicians in attendance upon man, who had suffered mental breakdown and was in hospital, will be presumed to know what they were talking about in statements as to patient's condition and predicting return to normalcy, and statements would be basis for conclusion that patient would recover.

**7. Death ⬅99(4)—$5,000 for death of patient in sanitarium held not excessive.**

In action for death of man, who; having suffered nervous breakdown, was placed in sanitarium and in escaping from it one night was killed, verdict for $5,000 apportioning $3,500 to his wife and $1,500 to his minor daughter, *held* not excessive under evidence.

On Motion for Rehearing.

**8. Appeal and error ⬅742(1)—Assignments, of error on which no propositions were presented, could not be considered.**

Assignments of error, which were abandoned on failure to present propositions thereon, could not be considered.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Nina C. Deaderick and another against the Arlington Heights Sanitarium.

Judgment for plaintiffs, and defendant appeals. Affirmed.

R. M. Rowland and Dexter W. Scurlock, both of Fort Worth, for appellant.

Marvin H. Brown and W. A. Hanger, both of Fort Worth, for appellees.

FLY, C. J. This is a suit for damages which it is claimed that appellees, Nina C. Deaderick and her minor daughter, Frances Deaderick, sustained through the death of the husband of the former and father of the latter, Claude T. Deaderick, which, it was alleged, was caused through the negligence of appellant in permitting him to escape from the sanitarium, where he was confined for mental derangement, and the negligence of the receivers of the Texas & Pacific Railway in running down and killing him while on its track. Appellees dismissed their action against the receivers and, upon the responses of a jury to special issues, submitted by the court, a judgment was rendered in favor of appellees as against appellant for $5,000, which was apportioned in the sum of $3,500 to Nina C. Deaderick and in the sum of $1,500 to Frances Deaderick.

[1] The facts show that appellant was an institution conducted for the purposes of treating persons with mental diseases and nervous maladies, and that for a certain sum appellant had contracted with Mrs. Deaderick to receive, treat, care for, protect, and restore the mind of her husband, Claude T. Deaderick, who was suffering from mental trouble caused by a nervous breakdown. It was shown that said deranged person was mentally incapable of caring for and protecting himself, and these facts were known to appellant, its officers, and employés. From the effects of influenza, Claude T. Deaderick became so nervous and his mind so disturbed that his wife took him to the sanitarium and had him examined and placed in charge of the sanitarium. The wife offered to furnish a special nurse but was informed that a nurse would not be needed. The sanitarium took charge of him at an agreed price of $50 a week, which was afterwards changed to $40 a week, which was regularly paid by Mrs. Deaderick. In the early morning of November 25, 1920, Claude T. Deaderick escaped from the sanitarium, at a time when he was walking about the building without restraint and without any one to watch over him and prevent him from leaving. He wandered into the city of Fort Worth and into the yards of the Texas & Pacific Railway Company, where his dismembered body was found, by a night watchman, lying on the railroad track, about 7 p. m. The watchman concluded from the appearance of the body that deceased had been dead about 30 or 40 minutes when he

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

discovered the body. No one testified as to the immediate circumstances surrounding the death of Claude T. Deaderick. The superintendent of the sanitarium knew that Claude T. Deaderick was shrewd and cunning and might escape and hurt himself. The room in which he was confined had no lock and could not be well fastened. No one was watching Mr. Deaderick when he left the building. The jury was justified in finding that appellant was negligent in permitting his escape, and in not discovering and returning him to the sanitarium before he was killed on the railroad tracks. There was a reasonable probability that Claude T. Deaderick, had he been properly attended to, would have recovered and have been able to earn more for his wife and child than the sum found by the jury. He was 48 years old and his life expectancy would have been more than enough to have offered him the opportunity to have earned more than $5,000 for his family. The negligence in permitting the escape of the deceased was the proximate cause of his death. If he had not been permitted to escape, he could not have gone to the railroad yards, and if he had not gone to the railroad yards he would not have been killed.

[2] The petition stated a good cause of action against appellant, and a general demurrer was properly overruled. When a patient is placed in a sanitarium, suffering with mental trouble, it is the duty of the officers and employés to use ordinary care in watching, caring for, and treating him, and such duty is not performed if the patient is negligently permitted to escape, and the guilty party will be liable for all damages proximately arising from such negligence. That is the case made by the pleadings. If, as contended by appellant, no liability would arise for injury to the patient wandering about the city, through the negligence of appellant, no liability could attach for an escape no matter how negligent the institution might be. The negligence in permitting deceased to leave the sanitarium was a distinct wrong, and appellant was liable for all injurious consequences resulting from such wrong.

[3] There is no testimony tending to show that the railroad company was guilty of any negligence in killing Claude T. Deaderick, but if there had been, and the intervention of that cause did not break the natural sequence of events, the injury would be referred back to the wrongful act in permitting a demented man to leave the sanitarium. When two or more acts concurring produce an injury, one being wrongful and the others not wrongful, and such injury could not and would not have occurred but for the wrongful act, it is the proximate cause of the injury. Or if all the acts concurred and one act was dependent on the other all would be liable. If it was negligent and wrongful for appellant to allow the deceased patient to leave the sanitarium and he came to his death while at large, through an act wrongful or not wrongful, the blame and liability for the death would make its way back to the wrongful escape as the proximate cause of the death. The fatal injury to the patient was one that might be reasonably anticipated from permitting a crazy man to roam about a city for 12 hours. The causal connection between the negligence in permitting the demented man to leave the sanitarium and his death in the railroad yards was not broken by the death of the patient from being run over by a railroad car. The deceased was irresponsible and appellant knew that fact and knew that he was incapable of protecting himself from danger, and yet in the face of that fact he was not only permitted to escape, but remain at large for about 12 hours without ordinary care being used to discover and recapture him.

As said by Sutherland in his work on the Law of Damages, § 37:

"The test is not to be found in any arbitrary number of intervening events or agents, but in their character and in the natural and probable connection between the wrong done and the injury."

No one would contend that the act of a person in permitting a two or three-year old child intrusted to his care and protection to wander out on a highway, where automobiles were constantly passing and the child was run over and killed, was not the proximate cause of the death of the child, no matter if the child was killed with or without the negligence of the automobile driver. An insane person is just as irresponsible an agent as the child, and his death would be traced back to the negligent act in permitting him at large. The rule adopted by this court from an Indiana decision, in Shippers' Co. v. Davidson, 35 Tex. Civ. App. 558, 80 S. W. 1032, has been approved by the Supreme Court, and is the law on the subject of proximate cause in Texas. The language follows and is from White Sewing Machine Co. v. Richter, 3 Ind. App. 331, 28 N. E. 446:

"Intervening agencies sometimes interrupt the current of responsible connection between negligent acts and injuries, but, as a rule, these agencies, in order to accomplish such result, must entirely supersede the original culpable act, and be in themselves responsible for the injury, and must be of such a character that they could not have been foreseen or anticipated by the original wrongdoer. If it required both agencies to produce the result, or if both contributed thereto as concurrent forces, the presence and assistance of one will not exculpate the other, because it would still be an efficient cause of the injury."

See, also, Railway v. Kellogg, 94 U. S. 469, 24 L. Ed. 256; Railway v. Bigham, 90 Tex.

223, 38 S. W. 162; Railway v. Sweeney, 6 Tex. Civ. App. 173, 24 S. W. 947.

Even though the petition alleged that the railway company was guilty of negligence, that did not cause the petition to be open to general demurrer. Even though the allegations showed that the railway company was guilty of negligence, such act was only a concurring cause with the act of appellant and did not entirely supersede that act. It required both agencies to produce the result. Cohen v. Rittiman (Tex. Civ. App.) 139 S. W. 59.

The Missouri case of Davis v. Springfield Hospital, 204 Mo. App. 626, 218 S. W. 696, is cited by appellant, but it directly sustains the court in its holding on the question of negligence in a case where the facts showing negligence are not more cogent and convincing than in this case. The averments of the plaintiff in that case are not as full as in this case. Appellant in this case knew that deceased had suicidal tendencies and might escape, and consequently that he required constant watching at a time when he might escape and carry out such desire. The evidence justified the verdict of negligence in permitting the patient to escape and the efforts to recapture were totally inadequate. The second, third, fourth, and fifth propositions are overruled.

[4] The sixth and seventh propositions attack the definition of proximate cause given by the court. The definition is one on which the stamp of approval has been placed by all American courts. The special charge requested on proximate cause was properly refused. It was not a correct exposition of the law and would have confused and misled the jury. The charge of the court is not open to the academic attacks made upon it.

The first question asked the jury was:

"If C. T. Deaderick had not been killed, would he, with reasonable probability, have regained his mental and physical health?"

The jury was instructed that if that question was answered in the negative no other questions should be answered, and even if his restoration to health had been assured in the instruction as to the measure of damages following the seventh question it could not have injured appellant. However, there was no such assumption indulged in by the court, but the charge is based on the alternative if he had been restored to his mind. The doctors of appellant expressed no doubt before his escape that he would be completely restored to his normal physical and mental condition, but informed Mrs. Deaderick that he would recover. The jury had passed on the ultimate recovery of deceased before they reached the question of damages. The eighth proposition is overruled.

[5] If Mrs. Deaderick refused to allow her husband to be placed on the second floor of the sanitarium and thereby contributed to his escape, such action on her part would not be a defense to the negligence of appellant in permitting the patient in broad daylight to walk off from the hospital and then use no adequate means to recapture him. Mrs. Deaderick was assured that her husband was not in a serious condition, for the doctor said:

"He is all right; he is only nervous and needs a good rest. We can put him in good condition."

He informed her that a special nurse was not necessary and said:

"I don't want him to have it; it might worry him. He doesn't need it."

When she asked Dr. Bozeman if he thought Deaderick would get well he answered:

"Absolutely; he is just a nervous man; he is not a sick man."

Mrs. Deaderick suggested a special nurse but they would not countenance the suggestion. She had been led to believe that there was nothing serious with her husband and might well have objected to having him confined on the upper floor with the more violent patients. However, she swore positively:

"None of the physicians or anybody connected with the sanitarium, at any time before my husband's death, warned me or advised that my husband was in such a condition of mind and nerves that his safety required him to be put upstairs, on the second floor, where he could be kept specially and could not escape; absolutely no, they did not advise me in any such way."

Such advice would have been utterly inconsistent with the repeated assurances that the patient was only nervous and would soon be well. If they knew in the sanitarium that deceased had suicidal tendencies or a desire to escape and still accepted him, it was their duty to guard against his propensities and desires. The ninth and tenth propositions are overruled. The authorities cited by appellant are not applicable to the facts of this case.

[6, 7] The eleventh proposition is disposed of under a discussion of the facts hereinbefore had, and the twelfth proposition is untenable. If the physicians in the sanitarium were capable and sincere, all the probabilities favored the recovery of Claude T. Deaderick. Up to the time of his death, the physicians constantly assured Mrs. Deaderick, who was paying a large sum for the maintenance and care of her husband, that he would recover and this court, as did the jury, will presume that they knew about what they were talking. If they were right, then it may well be concluded that the mind of the patient would again have reached its "normalcy" and the body have recovered its

vigor. Certainly there is no excess in the verdict.

The judgment is affirmed.

### On Motion for Rehearing.

[8] Appellant did not present propositions under assignments of error numbered, third, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, eighteenth, nineteenth, twenty-first, twenty-second, twenty-third, and twenty-fourth, and consequently those assignments were abandoned, but they are made the basis of complaint in the motion for rehearing. Of course they will not be considered. The assignments of error presented in the brief are: 1, 2, 4, 5, 6, 7, 16, 17, 20, 25, 26, 27, 28, 29, and 30. They were fully considered in the opinion of this court, and nothing has been presented to change the views of the court.

The motion for rehearing is overruled.