### Frank Martin v. The State.

#### No. 2904.   Decided January 14, 1914.

**1.—Obstruction of Public Road—Complaint—Date of Offense.**

Where the complaint upon which the information was based was filed on the same day upon which the alleged offense was committed, and did not allege that the same occurred prior to the making of the complaint, the same was insufficient.

**2.—Same—Complaint—Incorporated Town.**

Where the complaint alleged that the street obstructed ran through a certain town without alleging that said town at the time was an incorporated town, the same was insufficient, as the law then stood. Following McClanahan v. State, 21 Texas Crim. App., 429; especially, where the court refused a requested charge thereon.

**3.—Same—Wilfulness—Evidence—Charge of Court.**

Upon trial of obstructing a public road and street, it was error to refuse defendant to introduce testimony showing that if any obstruction occurred, it was not wilful; and the court should have also submitted a special instruction thereon.

Appeal from the County Court of Wise. Tried below before the Hon. E. M. Allison.

Appeal from a conviction of obstructing a public road and street; penalty, a fine of $25.

The opinion states the case.

*McMurray & Gettys,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—The complaint is attacked because it is not sufficient to charge that the offense was committed before making the complaint. It alleges the offense was committed on the 14th day of June; the affidavit is made on the 14th of June. We are of opinion that the attack on the complaint is well taken. It ought to have specifically alleged that if the offense was committed on the 14th of June, it occurred prior to making the complaint.

There are a great many very interesting questions in the case. The complaint itself alleges that the street obstructed led by the public school building, running east and west through the town of Bridgeport,

Texas. It is contended this complaint is not sufficient because it does not allege that Bridgeport at the time was an incorporated town. This proposition is well taken. The statute prohibits the wilful obstruction of a street in an incorporated town. McClanahan v. State, 21 Texas Crim. App., 429. This was a necessary allegation if relying upon obstructing a street. Such was the statute at the time. That statute has, however, been changed, but the amendment occurred subsequent to this offense, and, therefore, could not cover this transaction. Appellant presented this matter again in a special charge, which was refused by the court. That charge reads as follows: "The defendant asks the court to charge the jury: That if they find from the evidence beyond a reasonable doubt that defendant placed any obstruction in a passageway in the town of Bridgeport, and also find that said passageway was a street, and that Bridgeport was unincorporated at the time said obstruction was so placed they will find defendant not guilty; or if they have a reasonable doubt as to whether said passage was a public road or street they will find defendant not guilty." This charge ought to have been given, and it was error on the part of the court to refuse it.

There are other interesting questions raised on the charge and on the rejection of testimony bearing upon defendant's wilfulness if there was any road or street obstructed. Testimony was offered but rejected going to show he was advised by the mayor and others that he had a right to place the posts where he did place them, after the incorporation was voted out. This testimony should have been admitted on the question of wilfulness. So that if there be another trial this evidence should be admitted. The court should also upon another trial instruct the jury as contended by special instructions, which were refused, submitting the question of wilfulness to the jury.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*