**HOFFMAN v. BYNUM.**

No. 3048.

Court of Civil Appeals of Texas. Beaumont.

Feb. 11, 1937.

Rehearing Denied Feb. 17, 1937.

Hill & McCall, of Beaumont, for appellant.

Murray McCoy, of Port Arthur, for appellee.

WALKER, Chief Justice.

In 1930 appellee, J. E. Bynum, bought a certain tract of land in Jefferson county from W. G. Lovell. On this tract of land was a public cemetery about 100 years old used generally by the public; also on this land was a pumping station. Across this tract of land was a road used by the public from time immemorial in going to and from the cemetery. One witness, 65 years old, testified that this road in its present location had been used continuously by the public as long as he could remember; this road was also used in going to and from the pumping station. The public used this road also in going fishing, in going to picnics, etc., and from time immemorial worked and maintained it. In 1928 or '29 the county assumed jurisdiction over this road, graded it, and furnished the grading tools for that work. Neither appellee nor his predecessors in title ever objected to the public use of this road, but from time immemorial the owners of the land had acquiesced in its use by the public, conceding the public a dominant right therein. W. G. Lovell, on a date not shown by the record, built a wooden gate across this road. No one objected to this gate, and in using the road the public made a reasonable effort to keep it closed.

Appellant, Orville Hoffman, had been an employee at the pumping station; he quit his job to seek better employment. About 3 weeks later, on the evening of June 6, 1933 between 8:30 and 9 p. m., appellant, on his way back to the pumping station, looking for employment, traveling the above-described road, ran into a wire gate that appellee had built across this road, his horse was thrown down, and he suffered severe injuries. This gate was built by appellee across the road at a short distance from the pumping station after appellant had quit his job at the pumping station; appellant knew nothing about this gate. The gate was originally built of three wires stapled to gate posts. Because of faulty construction, two of these wires had broken; only the bottom wire of the gate was stretched across the road.

This suit was instituted by appellant by his mother as next friend against appellee and W. G. Lovell for the damages suffered by him as a result of the accident above described. Pleading generally the facts stated above, the following acts of negligence were charged against the defendants:

"(a) They carelessly and negligently and unlawfully built and maintained a wire fence or gate across said road,

"(b) They carelessly and negligently permitted the wires of said gate to remain in a dangerous and hazardous condition creating a nuisance in the manner aforesaid,

"(c) They carelessly and negligently failed to properly fasten said wires to said post so that they were permitted to break loose and fall upon the ground.

"(d) They carelessly and negligently after discovering the dangerous condition

of said fence or gate, failed to remedy same.

"(e) That defendant or his duly authorized agents, or employees, were guilty of carelessness and negligence in all respects alleged in the foregoing petition in subsections (a), (b), (c), and (d), in that they knew or by the exercise of ordinary care should have known that such injury as is complained of herein, or similar injuries might naturally result from the building of a wire gate across said road. And in that they knew that the two wires of said gate were down as aforesaid, and that they wilfully and wantonly left it in said condition; and that same created a great nuisance and hazard which a prudent person might expect to result in such or similar injuries as complained of herein to persons traveling said road."

W. G. Lovell was dismissed from the suit, and the case proceeded to trial to a jury with appellant as plaintiff and appellee as defendant. On conclusion of the testimony, judgment was entered in favor of appellee on an instructed verdict.

## Opinion.

Appellee has many exceptions to appellant's assignments of error and propositions. All of these are overruled. An instructed verdict constitutes fundamental error, entitled to review where appellant presents the record in his brief sufficient to show that error was committed. Harlington Land & Water Co. v. Houston Motor Car Co. (Tex.Com.App.) 209 S.W. 145. See, also, note page 123, Texas Law Review, vol. 15, No. 1, of date December, 1936.

■ The evidence raised the issue that the road across appellee's land leading to the cemetery was a public road. It is the settled law of this state that a public highway may be created by a long use by the public carried on in such a manner and persisted in for such a length of time as to give a right by prescription or limitation. Porter v. Johnson (Tex.Civ.App.) 151 S.W. 599; 21 Tex.Jur. 546, 549, 550. The authorities recognize the difficulty in enforcing the law of limitation as it relates to a public road. See Meckel v. Davis (Tex.Civ.App.) 39 S.W.(2d) 1106; 6 Tex.Law Rev. 365. But notwithstanding the difficulty of its application, the public can acquire a prescriptive right to a public road. The evidence in this case, as summarized above, clearly raised that issue in appellant's favor; we are inclined to think it established the issue as a matter of law.

■ On a finding that the road was a public road, the evidence raised the issue against appellee of negligence in constructing and maintaining the wire gate across the road at the place where appellant was injured, and in obstructing a public road in violation of article 784 of the Penal Code, and that such negligence was a proximate cause of appellant's injuries.

■ On the 1st day of September, 1933, as shown by a certified copy from the deed records of Jefferson county, appellee and W. G. Lovell made a written dedication to the public of the above-described road. This dedication contained the following recitation: "Whereas, since said time there has been a road running from what is known as the Burrell-Fannett Road, near the said canal and near the West line of the above described tract of land, which road runs to the pumping plant established by the said Willard G. Lovell and also a branch of said road runs to the Carr Graveyard on the above described tract of land, and which graveyard was excepted from the deed from the said Williard G. Lovell to the said J. E. Bynum and wife, May W. Bynum, and it has been the general understanding during all of said time that parties going to and from said graveyard, and to said pumping plant and along said canal had the right to use said road, and it is the purpose and intention of the said J. E. Bynum and wife, May W. Bynum, and Williard G. Lovell, to evidence in written form the general understanding and custom of the parties at the time the said Bynum and wife purchased said land, and since said purchase as to the use of said road."

Appellant offered in evidence a certified copy from the deed records of this dedication which was excluded by the court, as we understand, on the ground that it was executed after appellant was injured. Appellee would sustain the ruling of the court on the additional ground that a proper predicate was not laid for its introduction. Upon another trial, in the event appellant offers a proper predicate, this dedication should be received in evidence.

For the reasons stated above, the judgment of the lower court is reversed and the cause remanded for a new trial.