### JOHNNIE PHARISS V. THE STATE.

No. 20271. Delivered March 29, 1939.
On Motion to Reinstate Appeal May 17, 1939.

The opinion states the case.

*Aubrey Davee,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is transporting whisky in a dry area; the punishment, a fine of $300.

It is stated in the appeal bond that appellant "stands charged with the offense of a misdemeanor, to-wit: unlawfully transporting whisky." Nowhere is it shown in the bond that appellant had been convicted of said offense. The statement last mentioned is essential. The bond being fatally defective, this court is without jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

The count in the complaint under which appellant was convicted charges, in part, as follows: "On or about the 15th day of January, 1938, Johnnie Phariss did then and there unlawfully transport an alcoholic beverage, to wit, whisky." The complaint was sworn to and subscribed by A. P. Mercer on the 15th day of January, 1938, and filed on the same day. It embraces no language showing that if the offense was committed on the 15th day of January, as alleged, it occurred prior to making the complaint. In giving effect to the announcement of the decision, we are constrained to hold that the complaint is not sufficient to charge that the offense was committed before said complaint was made. Martin v. State, 162 S. W. 1145; Williams v. State, 12 Tex. Cr. R. 226; Andrews v. State, 14 S. W. 1014; Kennedy v. State, 3 S. W. 480; Jim Meadows v. the State, Opinion No. 20,272, this day delivered. (Page 91 of this volume).

The counts of the complaint and information under which appellant was convicted fail to charge that McCulloch County was a dry area. There are sufficient averments in the first count to show the dry status of the county. While we leave undecided the question whether the first count can be looked to in aid of the second count, it is suggested that if another complaint and information are filed it would be proper to set forth therein sufficient averments relative to the dry status of McCulloch County.

The judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.